THE FEDERAL LAND BANK OF BALTIMORE, PUERTO RICO, BRANCH, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1261.   Submitted January 9, 1950.—Decided March 9, 1950.

*Frank Martínez* and *Sergio G. Gelpí* for appellant.   The Registrar appeared by brief.

MR. JUSTICE TODD, JR. delivered the opinion of the Court.

In the deed for the partial release of a mortgage executed on August 4, 1949 before Notary Sebastián García Díaz, The Federal Land Bank of Baltimore, Puerto Rico Branch, represented by its attorney-in-fact Mr. Frank Martínez, stated the following:

"First: That by deed number one hundred and forty-eight, executed in Ponce, Puerto Rico, on November sixteen, one thousand nine hundred and twenty-five, before Notary Don José Tous Soto, and in order to secure a mortgage credit for EIGHT THOUSAND FIVE HUNDRED DOLLARS as principal, plus ONE THOUSAND TWO HUNDRED AND SEVENTY-FIVE DOLLARS for interest and FIVE HUNDRED DOLLARS for costs, expenses and attorney's fees in case of judicial claim, Don Ramón Lugo Arce constituted a voluntary mortgage in favor of The Federal Land Bank of Baltimore, over the following property of his own and others: . . . " (The property is described.)

"Second: That The Federal Land Bank of Baltimore appearing hereto wishes to release the property described in the foregoing First paragraph from the aforesaid mortgage.

"And the party hereto, in order to effect such release, executes:

"Only Clause: The Federal Land Bank of Baltimore, represented by its attorney in fact appearing hereto, proceeds to cancel and gratuitously cancels the mortgage lien referred to in the foregoing First paragraph of this deed, with respect to the property likewise described in the foregoing First paragraph, intending to and consenting that the aforesaid property be free from said lien and he gives his consent in order that this release be recorded in the corresponding registry of property, and I the notary attest to the fact that the party hereto exhibited to me in his capacity as such attorney in fact, the promissory note referred to in the First allegation of this deed, which promissory note is actually held and possessed by the corporation appearing hereto."

The deed was presented in the Registry of Property of Utuado for recordation, whereupon the registrar denied the same by virtue of the following note:

"The record of the release referred to in the preceding document is DENIED because of the following defect: since the release is an act of alienation, it being carried out gratuitously, that is, without the debtor making any payment whatever, which is tantamount to a gift to the latter, it is not deemed that such gift has been exempted from the tax imposed by Act No. 303 of 1946, as amended, nor that such tax has been paid, and in lieu thereof a cautionary notice is entered for the legal term of 120 days at folio 43 of volume 101 of Adjuntas, estate No. 3350 Duplicate, notice letter 'A', in which besides the curable defect was also entered to the effect that it does not appear from said document that the attesting notary, to whom the promissory note securing the mortgage was exhibited, had entered any notation whatever on that note with respect to such discharge or partial release. See Act No. 303 of 1946, as amended by Act No. 432 of 1947, and by Act No. 189 of 1948; Opinion of the Supreme Court of Puerto Rico, in Administrative Appeal 1241, instituted by Agustín Blanco Géigel et al. against the Registrar

of Property of San Juan, delivered May 24, 1949; Section 82 Mortgage Law, fourth paragraph, as amended by Act No. 22 of 1923. . . ."

This administrative appeal was taken in order to review this ruling.

■ The appellant bank maintains that no gift subject to taxation is involved herein, since it has merely released one of the various loan securities in its favor, and since Mr. Lugo Arce still owes it the same amount which, prior to the execution of the deed, he owed it.

The respondent Registrar argues, on his part, that it does not appear from the deed that the Federal Land Bank had sufficient security, once the property in question was released, to collect on the main obligation and that, had this been the reason for the release and had it been expressly set forth in the deed, he would not have denied the record of the release. He argues, moreover, that the gratuitous release of the property, as one of the mortgage securities of the obligation, is a partial release of said security, equivalent to a gift.

We do not agree with the respondent. Since the latter admits that by virtue of the amendment to § 119 of the Mortgage Law by Act No. 62 of July 21, 1923, in the mortgages constituted in favor of the Federal Land Bank the liability is not distributed although various properties are encumbered, but that instead each one answers for the total amount of the loan, it is obvious that upon the release of one of the properties herein as security, it could not have had the effect of constituting a gift.

If the Bank held in its favor mortgages over various properties in order to secure the obligation of Mr. Lugo Arce and, without releasing or remitting any part whatever of said obligation, it confines itself to release as security one of the mortgaged properties, we must perforce conclude, without it having to be expressly set forth in the deed, that the Bank considers that the remaining mortgaged properties are sufficient security of its credit. Otherwise the Bank would not

have effected such release. There is nothing in the language of the deed which might be construed in the sense that it was the intention of the Bank to donate to its debtor part of the amount it lent him in 1925. The obligation stands in its entirety. Any benefit enjoyed by the debtor in now having one of its properties free from liens does not fall within the meaning of a taxable gift under § 1(a) of Act No. 303 approved April 12, 1946, as amended with respect to other Sections by Act No. 432 of 1947 and No. 189 of 1948, which provides:

"The term 'gift' includes the purely gratuitous, the onerous, and the remunerative gift, as defined by the Civil Code of Puerto Rico.

"When a property is transferred for less than its fair value, either in money or money's worth, or by exchange, the excess of the fair value of said property over the consideration in money or money's worth, or thing for which said property was exchanged, shall be considered a gift, and shall be included in computing the total gifts made during the year.

"The transfer described in the preceding paragraph of this section is also a gift when such transfer is made through the performance or liquidation by one party of the liability or obligation of a second party towards a third, or by any other means.

"Gift also includes the remission in whole or in part of a debt or other obligation.

"The amount of any ordinary life or endowment insurance policy is also a gift when the person paying the premiums on such policy is not the same person who will receive the proceeds of the policy upon the liquidation thereof.

"Gift also includes any transfer in trust (*fideicomiso*).

"A gift shall be such both when made directly and indirectly.

"All transfers affected by inheritance, by will or intestacy is also a gift.

"There shall not be considered to be gifts: (1) uncollectable debts, (2) the cancellation of uncollectable debts, and (3) lottery prizes paid to the purchaser of the lottery ticket."

*Blanco* v. *Registrar, ante,* p. 16, cited by the respondent is no authority to support his contention. In that case the Court confined itself to deciding that, under certain circum-

stances, a contract of life annuity might be considered as transferring a property for less than its fair value and that it thus constitutes a gift under § 1(a), *supra*. In the absence of said circumstances, we held in *Blanco* v. *Registrar*, *ante*, p. 557, that another contract of life annuity did not constitute a gift. However, neither under the provisions of § 560 of the Civil Code nor under § 1(a), *supra*, can it be held that the partial release of a mortgage security may constitute a gift. As we have said, Mr. Lugo Arce still owes the Bank the same amount he owed prior to executing deed No. 221. The original promissory note has not been cancelled in any way and the only thing that the Bank has done is to accept a lesser security than the one it previously had.

As to the curable defect assigned by the respondent due to the fact that the notary had not expressed in the promissory note the release of the property as a mortgage securiy, in *Water Resources Authority* v. *Registrar*, 62 P.R.R. 724, we held that since cases of this nature do not involve a total or partial release of the obligation, § 82 of the Mortgage Law cited by the respondent in his note is not applicable, and that it is sufficient that the attesting notary in the deed of release be shown the promissory note in order that he may certify that the Bank is the holder thereof.

The note appealed from will be reversed and the registration of the release sought ordered.